Piggly Wiggly Casey Co.
vs.      Eq. No. 10569.
Sigmund Rosen, et al.

December 4, 1931.

BLODGETT, P. J. Heard upon bill, answer and proof.

Respondent Rosen is the owner of certain premises in East Providence. The John Hancock Mutual Life Insurance Co. holds a first mortgage on said premises. This mortgage was transferred to the Piggly Wiggly Company upon payment of $25,230.90, principal and interest due. Complainant holds a lease of a store on said premises.

Respondent B. Dexter Aldrich is the holder of a second mortgage on said premises for $6,500.

The lease to complainant was recorded after the recording of said first mortgage and before the recording of said second mortgage. The lease is for a term ending April 30, 1932, with the right of renewal for a term of five years from May 1, 1932. There is the usual covenant in the lease for peaceful occupation by the lessee.

June 1, 1900, an installment of $750 became due under the terms of the first mortgage. Respondent Rosen failed to meet the amount due and the first mortgagee advertised the premises under foreclosure proceedings, the time fixed for sale being July 23, 1930. Before the sale the lessee (complainant) notified Rosen in writing to pay the amount due, and if he failed to pay same the lessee would pay the same in order to protect its lease and would claim a lien by subrogation to secure such payments. Rosen failed to pay and complainant paid to the mortgagee $1,336.24, being two installments then due. The first mortgagee accepted this payment and the foreclosure was prevented.

December 1, 1930, the principal of said mortgage was $24,500 and an installment from June 1, 1930, to December 1, 1930, of $735 became due. The lessee in writing notified Rosen of the

amount due and that the first mortgagee threatened foreclosure, and that unless he (Rosen) paid this amount the same steps would be taken. Rosen failed to pay and lessee paid said amount to the first mortgagee and prevented a foreclosure. Rosen has failed to repay the lessee any of these amounts.

Complainant has not paid rent to lessor from March to October, 1931 inclusive. The amount of rent is $115 each month.

Complainant contends that Rosen is indebted to him in the sum of $1,336.24 with interest from July 25, 1930, and in the sum of $736.27 with interest from December 11, 1930, and that to secure said sums complainant has a lien on the premises described in said bill junior to the lien of the first mortgage now held by the Piggly Wiggly Co., a Delaware corporation; that complainant is indebted to Rosen as aforesaid with interest upon said monthly installments of rent and that complainant is entitled to apply said sums as aforesaid toward the rent now due, or the rent that may become due in the future, until said sums for which complainant has a lien have been repaid.

Complainant prays that respondent be enjoined permanently from collecting any rent due from March 1, 1931, or from attempting to oust the complainant from said premises, until complainant has been repaid as aforesaid.

The respondents have filed no brief in support of their objections to the claim of complainant and upon a careful review of the elaborate brief filed by complainant, the Court is of the opinion that complainant is entitled to the relief sought.

Decree to this effect may be entered.

For complainant: Comstock & Canning, George A. Johnson.

For respondents: George Hurley, Moriarty, Conaty, F. H. Bellin, D. A. Colton.